FILED IN OPEN COURT
11/18/2019
TIMOTHY M OBRIEN, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

    Plaintiff,

v.

EMMANUEL PERRY,

    Defendant.

Case No. 18-20081-01 CM/JPO



**ORIGINAL**

### PLEA AGREEMENT PURSUANT TO FEDERAL RULE
### OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Assistant United States Attorney Sheri Catania, and Emmanuel Perry, the defendant, personally and with his counsel, Che Ramsey, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count(s) 1 and 14 of the Superseding Indictment charging in Count 1 a violation of Title 21 U.S.C. §846, that is, conspiracy to distribute 50 grams or more of methamphetamine; and in Count 14 a violation of Title 18 U.S.C. §924(c), that is, use and possession of a firearm in furtherance of a drug trafficking crime. By entering into this plea agreement, the defendant admits to knowingly committing the offenses, and to being guilty of the offenses. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Superseding Indictment to which he has agreed to plead guilty is not less than 10 years nor more than life, not more than a $10,000,000 fine, not less than 5 years of supervised release, and a $100.00 mandatory special assessment. The defendant understands that the maximum sentence which may be imposed as to Count 14 of the Superseding Indictment to which he has agreed to plead guilty is not less than 5 years nor more than life imprisonment consecutive to any other sentence imposed, a $250,000 fine,

Ver. 17-09

not more than 5 years of supervised release, and a $100.00 mandatory special assessment. The defendant further agrees to forfeit property to the United States, as outlined in the forfeiture allegation.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> From December 1, 2016 until on or about November 30, 2017, the defendant, Emmanuel Perry, conspired with April Lunsford, Billy Joe Waters, and others both known and unknown to distribute and to possess with the intent to distribute more than 50 grams of methamphetamine, which included the reasonably foreseeable conduct of other members of the conspiracy. In December 2016, the Kansas Bureau of Investigation (KBI) initiated an investigation the defendant and other subjects involved in the distribution of methamphetamine in Kansas City, Kansas and Osawatomie, Kansas. The initial investigation involved controlled purchases from April Lunsford with the use of a Confidential Informant (CI) and a KBI undercover agent (UC). Emmanuel Perry was identified during the investigation as a source of methamphetamine to both Lunsford and Waters.
>
> From January 11, 2017 through March 1, 2017, four controlled purchases of methamphetamine were conducted between Lunsford and the CI and UC. A total of 342 grams of pure methamphetamine was obtained during the buys which all took place in Kansas. During the controlled purchase conducted on March 1, 2017, Lunsford told the UC that her methamphetamine supplier was coming to her residence. After the UC left, law enforcement officers observed Emmanuel Perry enter Lunsford's residence in Osawatomie, Kansas. Officers then followed Perry to a residence in Kansas City, Kansas.
>
> On March 11, 2017, Billy Joe Waters was arrested by Osawatomie police officers. Waters was found to be in possession of a 9mm Highpoint, semi-automatic pistol, Model C9, serial number P1534096; a Ruger .40 caliber semi-automatic pistol, Model P94C, serial number 340-73194; marijuana; and 130 net grams methamphetamine. Following his arrest, Waters agreed to be interviewed. Waters advised that he was a methamphetamine dealer and had been supplied with 2 ounces of methamphetamine per week by April Lunsford from December 2016 until February 2017. Waters identified Emmanuel Perry as Lunsford's methamphetamine source and advised that Perry supplied Lunsford with 1/4 pound quantities of methamphetamine per week. Waters advised he had been in a relationship with Lunsford but moved out in February 2017. Perry began supplying Waters with methamphetamine and marijuana when he and Lunsford broke up. Waters admitted to illegally trading drugs for the 2 firearms found in his possession, as well as trading additional guns to Perry for drugs and money. Waters advised that the methamphetamine seized on March 11, 2017 was from a different source.
>
> On November 11, 2017, Osawatomie police received information that Emmanuel Perry was in Osawatomie with a large amount of methamphetamine. Police surveilled Perry stopping at multiple residences before conducting a traffic stop following observance of traffic violations. Perry was found to be in possession of marijuana and placed under arrest. Officers located 233 net grams of methamphetamine, marijuana,

$9,228, 10 grams of cocaine, digital scales, a box of sandwich bags, 3 cellular telephones, and a Taurus .45 caliber pistol, Model PT 1911 AR, serial number NEW84602 in Perry's vehicle. Officers then conducted a recorded interview with Perry who identified each of the items found in his vehicle. Perry gave details regarding each of the items including type of drugs and amounts. Perry also claimed ownership of the firearm. Perry declined to provide information related to who he was selling methamphetamine to.

The defendant does not contest the forfeiture of firearms and ammunition seized during the investigation of this case.

The drug exhibits described herein were stored and tested pursuant to laboratory protocol and were determined to be the substance stated in the quantities outlined herein.

3. **Proposed Rule 11(c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case:

(a) a term of 120 months' imprisonment on Count 1, 21 U.S.C. §846, and 60 months' imprisonment on Count 14, 18 U.S.C. § 924(c) to run consecutive to Count 1, for a total sentence of 180 months' imprisonment;

(b) 5 years of supervised release;

(c) no fine;

(d) the mandatory special assessment of $100.00 per count of conviction; and

(f) the forfeiture of all firearms and ammunition outlined in the forfeiture allegation.

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement. This plea agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to dismiss the remaining charges in the present case at the time of sentencing, and agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the present Superseding Indictment.

6. **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this plea agreement.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea. If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

9. **Forfeiture of Assets.** The defendant knowingly and voluntarily agrees and consents to the forfeiture of the following property to the United States: a Taurus, .45 caliber pistol, Model PT 1911 AR, serial number NEW84602; and ammunition seized on November 11, 2017. The defendant agrees that this

5

property was involved or used in the commission of Counts 1 and 14. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

10. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

11. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The

defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct

any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14. **Parties to the Agreement.** The defendant understands this plea agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this plea agreement embodies each and every term of the agreement between the parties.

The defendant acknowledges that he is entering into this plea agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_/s/ Sheri Catania_  
SHERI CATANIA, #17097  
Office of United States Attorney  
500 State Avenue, Suite 360  
Kansas City, KS 66101  
913-551-6670  
Fax: 913-551-6541  
Sheri.Catania@usdoj.gov  
Assistant United States Attorney

Date: 11/8/19

_____  Date: 11/12/19
CARRIE CAPWELL
Criminal Chief
500 State Avenue, Suite 360
Kansas City, KS 66101
913-551-6670
Fax: 913-551-6541
carrie.capwell@usdoj.gov
Assistant United States Attorney

_____  Date: 11-8-19
SCOTT C. RASK, #15643
Criminal Coordinator
Office of United States Attorney S
500 State Avenue, Suite 360
Kansas City, KS 66101
913-551-6670
Fax: 913-551-6541
Scott.Rask@usdoj.gov
Assistant United States Attorney

_____  Date: 11-18-19
EMMANUEL PERRY
Defendant

_____  Date: 11-18-19
CHE RAMSEY
Counsel for Defendant
Office of Federal Public Defender - KCK
500 State Avenue, Suite 201
Kansas City, KS 66101-2400
913-551-6712
Fax: 913-551-6562
Email: che_ramsey@fd.org

9